***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Stephenson and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives or amend the Opinion and Award except for the following minor modifications.
 STIPULATIONS
1. Plaintiff medical records and bills, received subsequent to the hearing, are admitted into evidence.
2. The issues to be determined by this hearing are whether defendant is subject to and bound by the Workers' Compensation Act; whether there was an employee/employer relationship; whether plaintiff sustained a compensable injury; average weekly wage and what, if any, benefits is plaintiff entitled.
3. By Order filed 1 March 2002 this case was referred to the Fraud Department of the North Carolina Industrial Commission for further investigation.
 ***********
Based upon all of the competent evidence of record, the undersigned makes the following additional:
 FINDINGS OF FACT
1. On 3 May 1999 plaintiff was a 36-year-old female employed by defendant as a housekeeper. Defendant was engaged in the hotel business, Luxury Inn, located in Selma right off the interstate. Plaintiff duties included cleaning rooms, preparing rooms for the next guest and doing laundry. In May of 1999 plaintiff lived at the Luxury Inn.
2. Plaintiff worked seven days a week from 10:00 a.m. until the last room was cleaned. Ending time for the day ranged from 4:00 p.m. to 6:00 p.m. depending on the number of rooms to be cleaned. Plaintiff's average weekly wages were $240.00 per week. Plaintiff had worked in this capacity for defendant-employer since 21 April 1999.
3. On 3 May 1999 plaintiff went to a room to retrieve some new curtains. The hotel was in the process of remodeling and changing curtains. Plaintiff had to lift a heavy box of curtains measuring approximately 2 ½ to 3 feet tall by about 2 feet wide. As plaintiff lifted this box of curtains she felt a pop in her back.
4. Plaintiff called the maid station. John Phipps, who later became plaintiff's husband, assisted plaintiff back to her room. Plaintiff reported the incident to Tommy Briscoe, who acted in a managerial capacity at the hotel. Tommy Briscoe, and his brother Doug Briscoe essentially ran the hotel. Defendant-employer did not send plaintiff for treatment.
5. On 3 May 1999 plaintiff sought treatment from Johnston Family Care Center, an affiliate of Johnston Memorial Hospital. Plaintiff complained of severe back pain over the past week and taking Darvocet in order to keep working. Plaintiff had radicular symptoms and a MRI was recommended. Plaintiff did not report any specific lifting incident at work, which increased her back symptoms. The physician excused her from work for 2-3 days.
6. On 5 May 1999 plaintiff returned to Johnston Family Care with her pain somewhat improved. But plaintiff was still having some numbness aching pain into her lower left leg.
7. On 9 May 1999 plaintiff sought treatment from Johnston Memorial Hospital Emergency Room due to lower back pain. An x-ray of the lumbar spine revealed adjacent degenerative spurs, predominantly on the right at L2-3, L3-4 and left at L4-5. Degenerative disc narrowing is there as well as a pronounced left convex lumbar scoliotic curvature. The hospital prescribed flexeril and lorcet.
8. Also on 9 May 1999 defendant employer discharged plaintiff from employment and plaintiff had to move from the hotel. Although management maintained that the action was taken because plaintiff kept puppies in her room, management was aware of the puppies beforehand and had not warned plaintiff. Plaintiff and Mr. Phipps moved to Masters Inn.
9. Thereafter plaintiff and Mr. Phipps relocated to Texas. Plaintiff attempted to fill her Darvocet prescription by phone on 11 June 1999 with Johnston Family Care but was informed to seek treatment in Texas. On 24 June 1999 plaintiff sought treatment from Reeves County Hospital Emergency Room for lower back pain. Plaintiff informed the hospital of her 3 May 1999 injury while working. The hospital prescribed medications and restricted her from heavy lifting.
10. Plaintiff sought additional treatment in Texas during July and August on 1999 regarding lower back pain. However the 20 September 1999 and 21 September 1999 visits were primarily concerned with chest pain, not back pain, and are not related to plaintiff's injury on 3 May 1999. Likewise treatment and x-rays arising from injuring her right hand in December 1999 are not related.
11. Plaintiff later moved to Mississippi and sought treatment in 2000 and 2001. Most of this treatment involved the cervical spine, upper thoracic, shoulder and kidney. The greater weight of the medical evidence is that plaintiff's other problems and not her lower back problem after 9 November 1999 were the primary basis for seeking treatment. Likewise, it is unclear by the mere bills and records as to whether or not pain relievers were for plaintiff's lower back injury on 3 May 1999 or for other medical conditions. Therefore, plaintiff failed to prove that she is entitled to have these bills paid by the defendant.
12. Plaintiff has failed to prove her inability to work after 9 September 1999 was related to the injury of 3 May 1999. No physician wrote her out-of-work after May 1999 and plaintiff had other reasons for seeking treatment, except for a few sporadic instances.
13. The greater weight of the evidence is that defendant-employer was subject to and bound by the North Carolina Workers' Compensation Act in May 1999. In addition to plaintiff, Doug Briscoe and Tommy Briscoe, defendant-employer also employed Margaret Potts and Gloria (last name unknown) as maids and John Phipps. Several of these employees also lived at the hotel.
14. Defendant and his wife were the owners of Luxury Inn in May 1999. On 3 May 1999 defendant-employer was not insured for workers' compensation. Defendant-employer thought prior to the hearing that part-time employees did not count when totaling for the minimum requirements.
15. The greater weight of the medical evidence is that plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
16. Plaintiff's average weekly wage of $240.00 yields a compensation rate of $160.00 per week.
 ***********
The foregoing findings of fact, and conclusion of law engender the following additional:
 CONCLUSIONS OF LAW
1. On 3 May 1999 plaintiff sustained a compensable injury to her lower back arising out of and in the course of her employment with defendant-employer. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's compensable injury, plaintiff is entitled to temporary total disability from 3 May 1999 through 9 September 1999 at her compensation rate of $160.00 per week. Those amounts have accrued and shall be payable in a lump sum of $2,971.42. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to have defendant provide all medical treatment arising out of plaintiff's compensable injury to the extent it tends to effect a cure, give relief or lessen plaintiff's period of disability through the date of 9 November 1999. This does not include medical treatment for anything but plaintiff's lower back. N.C. Gen. Stat. §§ 97-25; 97-25.1.
4. On 3 May 1999 defendant was subject to the North Carolina Workers' Compensation Act and neglected to have workers' compensation insurance in effect. Defendant is subject to the penalty provision of N.C. Gen. Stat. § 97-94.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Subject to a reasonable attorney's fee herein approved, defendant shall pay temporary total disability to plaintiff at the compensation rate of $160.00 per week from 3 May 1999 through 9 September 1999. Those amounts have accrued and are payable in a lump sum of $2,971.42.
2. Defendant shall pay all medical expenses from 3 May 1999 through 9 November 1999 incurred by plaintiff as a result of her compensable injury on 3 May 1999 when bills for same shall have been submitted to the Industrial Commission procedures. These bills only include payment for treatment to plaintiff's lower back.
3. A reasonable attorney's fee of twenty-five percent (25%) of the compensation awarded plaintiff in Paragraph 1 of this AWARD is hereby approved to be deducted from sums due plaintiff and payable directly to plaintiff's counsel. Defendant shall pay the costs.
 ORDER
Pursuant to the provision of the N.C. Gen. Stat. § 97-94(b), defendant is hereby fined the sum of $50.00 per day from 3 May 1999 until defendant obtains workers' compensation insurance or no longer falls within the requirements for such insurance. This fine may be waived or reduced when defendant provides documentation that he has paid the temporary total disability compensation ordered.
This fine shall be enforced by the Office of the Attorney General for the State of North Carolina, and this case is hereby REFERRED to the Office of the Attorney General for such enforcement.
This the 31st day of January, 2003.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER